CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
SAMIRA S. ELHOSARY (D.C. Bar No. 90013901)
    selhosary@clcma.org
CHRISTINA A. BOYD (D.C. Bar No. 1672210)
    aboyd@clcma.org

Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax (972) 692-7454

*Attorneys For Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HALIL DEMIR**, an individual residing at 12230 S. Coach Rd., Palos Heights, IL 60463, | CASE No.: 25-1875 |
| *Plaintiff*, | CIVIL ACTION |
| vs. | |
| **TRANSPORTATION SECURITY ADMINISTRATION**, 6595 Springfield Center Dr., Springfield, VA 22150, | **PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| *Defendant*. | |

## PLAINTIFF'S COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Halil Demir ("Plaintiff Demir" or "Mr. Demir"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief against Defendant Transportation Security Administration ("TSA" or "Defendant"). Plaintiff Demir presents the following claims for relief and supporting factual background.

1

## I.     INTRODUCTION

Plaintiff Demir seeks a declaration from this Court finding the actions of Defendant TSA violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the past three years, Plaintiff Demir has been attempting to obtain records from the TSA pursuant to the Freedom of Information Act. Plaintiff Demir asks this Court to enjoin Defendant TSA from continuing to withhold responsive records in violation of FOIA and ordering Defendant TSA to comply with all applicable FOIA requirements.

## II.     PARTIES

1. Plaintiff Demir is a U.S. citizen by naturalization and a resident of Palos Heights, Illinois. Plaintiff Demir is the Executive Director of the Zakat Foundation of America ("Zakat Foundation"). Through counsel, Plaintiff Demir submitted one FOIA request to Defendant TSA.

2. Defendant TSA is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(a)(4)(B).

## III.     JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA, 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act, 28 U.S.C. §2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

### IV.    STATEMENT OF FACTS

6. Mr. Demir alleges and incorporates all numbered paragraphs above.

7. Mr. Demir is a naturalized U.S. citizen of Turkish national origin.

8. Mr. Demir has not committed any crimes or acts of violence, he has never been charged with any crime, nor is he, to his knowledge, under investigation for any crime.

9. Mr. Demir founded the Zakat Foundation of America ("Zakat Foundation") and has served as its Executive Director for more than 20 years. The Zakat Foundation, based in Chicago, is an international humanitarian aid organization serving fifty countries. Though *zakat* is an Islamic concept requiring financially able Muslims to donate a portion of their wealth annually, Zakat Foundation helps all people regardless of race, ethnicity, or religion.

10. Mr. Demir receives invitations to speak to various government agencies. The Zakat Foundation hosted federal government representatives multiple times, and Mr. Demir regularly participates in government community engagement groups.

11. Mr. Demir has previously received security clearance from the Secret Service and the Central Intelligence Agency ("CIA") for multiple high-security events. Yet, he endures unwarranted and invasive suspicion by TSA.

12. Each time he flies, Mr. Demir faces invasive questioning and enhanced security screening, even to the point of being removed from flights for additional searches.

13. This treatment leads him to reasonably believe his name appears in the Terrorist Screening Dataset ("TSDS"), the U.S. government's single consolidated terrorist watchlist.

14. Mr. Demir took advantage of the only avenue available to him to seek redress for his travel concerns: the DHS Traveler Redress Inquiry Program ("TRIP"). To date, he has completed six TRIP complaints.

15. Each time, DHS TRIP closed Mr. Demir's TRIP complaints without giving him or his representative further explanation.

16. His most recent TRIP complaint was filed on December 10, 2024, and remains pending.

17. In January 2023, a Swiss hacker located copies of the No Fly List and Selectee List, subsets of the larger TSDS, on an unsecured server maintained by a U.S.- based airline.[1]

18. Mr. Demir's name and birthdate appear multiple times on the Selectee List file, now publicly available on multiple sites across the internet.[2]

19. In an attempt to gain more insight into the his travel issues, Mr. Demir filed a request for information under the Freedom of Information Act ("FOIA") with Defendant TSA.

20. Mr. Demir submitted his request to Defendant TSA on February 16, 2022, through the Department of Homeland Security ("DHS") Public Access Portal."[3]

21. Mr. Demir's FOIA request seeks records about himself held by Defendant TSA in its database and records of communications between Defendant TSA and other federal agencies about Mr. Demir.[4]

---

[1] *See* Thalen, Mikael and David Covussi, *Exclusive: U.S. Airline accidentally exposes 'No Fly List' on unsecured server*, THE DAILY DOT (Jan. 19, 2023), https://www.dailydot.com/debug/no-fly-list-us-tsa-unprotected-server-commuteair/.

[2] *See, e.g.* Sharma, Max, *U.S. No Fly list shared on a hacking forum, government investigating*, BLEEPING COMPUTER (Jan. 30, 2023), https://www.bleepingcomputer.com/news/security/us-no-fly-list-shared-on-a-hacking-forum-government-investigating/.

[3] Counsel for Mr. Demir filed the request through the DHS Public Access Portal, which predated Secure Release and was appropriate method of filing FOIA requests at the time. However, counsel can no longer access the Public Access Portal, as DHS discontinued the portal in its transition to Secure Release.

[4] *See* Exhibit A.

4

22. On February 17, 2022, Defendant TSA acknowledged receipt and assigned the case a "Category: Simple" designation.

23. On May 25, 2022, undersigned counsel emailed the FOIA division of Defendant TSA seeking a status update.

24. On May 26, 2022, the FOIA division of Defendant TSA replied to confirm receipt and clarify that Mr. Demir's case was changed from the simple category to a complex category designation.

25. On June 24, 2022, undersigned counsel sent a letter to Defendant TSA's Office of Civil Rights and Liberties, Ombudsman and Traveler Engagement Office appealing the constructive denial due to the excessive delay.

26. On July 12, 2022, the Department of Homeland Security confirmed receipt of the request and assigned the request tracking number 2022-TSAP-00040. The Department of Homeland Security also updated the status to "received."

27. On July 13, 2022, the FOIA Branch of Defendant TSA confirmed receipt of the appeal letter for matter 2022-TSFO-00345. The appeal was assigned number 2022-TSAP-00040.

28. On August 31, 2022, the FOIA Branch of Defendant TSA responded to the appeal stating that FOIA allows the requester to treat the lack of a timely response as a "constructive denial" and that the requester has the option to seek judicial review.

29. On September 6, 2022, the Department of Homeland Security informed undersigned counsel that the TSA appeal request number 2022-TSAP-00040 had been updated to a closed status.

30. On September 29, 2022, undersigned counsel contacted The Office of Government Information Services ("OGIS") with the National Archives and Records Administration requesting mediation assistance with Defendant TSA.

31. On October 19, 2022, the Office of Government Information Services replied stating that TSA expected to respond to the request by December of 2022.[5]

32. On February 28, 2023, undersigned counsel contacted the Public Liaison of the FOIA Branch of Defendant TSA, requesting action on behalf of the public liaison and noting the request had been pending for 257 working days.

33. On July 6, 2023, undersigned counsel contacted the Public Liaison of the FOIA Branch of Defendant TSA for the third time, requesting action on behalf of the public liaison and noting the request had been pending for 346 working days.

34. On February 13, 2024, undersigned counsel contacted the Public Liaison of the FOIA Branch of Defendant TSA for the fourth time, requesting action on behalf of the public liaison and noting the request had been pending for nearly two calendar years, 497 working days.

35. On June 24, 2024, undersigned counsel contacted the Public Liaison of the FOIA Branch of Defendant TSA for the fifth time, requesting a response on behalf of the public liaison and noting the request had been pending for 589 working days.

36. Since that date, Mr. Demir has received no additional information about the status of his FOIA request.

---

[5] *See* Exhibit B.

37. Defendant TSA promulgates rules and regulations for individuals to request agency records.[6]

38. Plaintiff Demir followed those rules and regulations by submitting his request through the portal used by Defendant TSA at that time.

39. Defendant TSA accepted the request and assigned it a tracking number in its system.

40. FOIA mandates that an agency must respond to a request for records within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).

41. The statute further allows for an additional ten working days to respond to a request where there are unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i).

42. As of the date of the filing of this Complaint, Mr. Demir's FOIA request to Defendant TSA has been pending for 829 working days.

43. Mr. Demir has exhausted all available administrative remedies because Defendant TSA has not responded to Mr. Demir's request within the time allotted by the statute. 5 U.S.C. § 552(a)(6)(C)(i).

## V.     CAUSES OF ACTION AND RELIEF SOUGHT

**Count 1: Violation of FOIA – Unreasonable Agency Delay**

44. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

45. Defendant TSA is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. § 552(f)(1).

---

[6] TRANSPORTATION SEC. ADMIN., *Freedom of Information Act,* https://www.tsa.gov/foia (last visited Feb. 24, 2025).

46. An agency subject to FOIA and its requirements must determine within twenty working days whether it will comply with a request and inform the requester of its decision. 5 U.S.C. § 552(1)(6)(A)(i).

47. If the requested records exist, an agency must make them promptly available, subject to enumerated exemptions and exclusions. 5 U.S.C. § 552(a)(3)(A).

48. If no responsive records exist, an agency must state so. 5 U.S.C. § 552(a)(6)(A)(i).

49. Defendant TSA has not substantively responded to Plaintiff Demir's request for records, nor provided him with an estimated date of completion.

50. Defendant TSA's actions violate the requirements of FOIA because it failed to respond timely to Plaintiff Demir's FOIA request. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i).

51. Plaintiff Demir has constructively exhausted all applicable administrative remedies available to request under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

52. FOIA deems requesters to have exhausted their administrative remedies when the agency does not "comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

53. Plaintiff Demir is entitled to declaratory and injunctive relief, and an order instructing Defendant TSA to process and respond to Plaintiff Demir's FOIA request and enjoining Defendant TSA from withholding responsive non-exempt records.

**Count II: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

54. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

55. Upon information and belief, Defendant TSA possesses and controls records responsive to Plaintiff Demir's request.

56. Defendant TSA must release all responsive, non-exempt records to Plaintiff Demir.

57. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

58. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

59. By failing to respond to Plaintiff Demir's request, Defendant TSA unlawfully withheld responsive records.

60. By failing to respond to Plaintiff Demir's request, Defendant TSA fails to justify its withholding of nonexempt records.

61. Plaintiff Demir exhausted all applicable administrative remedies available under FOIA.

62. Plaintiff Demir is entitled to declaratory and injunctive relief and an order instructing Defendant TSA to respond to Plaintiff Demir's request for records, justify its withholding of any responsive records under applicable FOIA exemptions, and enjoining Defendant TSA from withholding responsive records.

**Count V: Declaratory Judgment Act**

63. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

64. Plaintiff Demir respectfully requests this Court declare Defendant TSA's actions violate the above-listed statutes, pursuant to 28 U.S.C. §§ 2201-2202.[7]

**Count VI: Attorneys' Fees under FOIA**

65. Plaintiff Demir alleges and incorporates all numbered paragraphs above.

66. FOIA permits courts to award reasonable attorney's fees and costs if the plaintiff substantially prevails in the action. 5 U.S.C. § 552(a)(4)(E)(i).

---

[7] Plaintiff Demir recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity of the relief sought, Plaintiff Demir includes this relief as an enumerated cause of action.

67.  Plaintiff Demir respectfully requests this Court grant him fees and costs if Plaintiff Demir substantially prevails under FOIA.

## VI.  PRAYER FOR RELIEF

Plaintiff Demir prays for judgment in his favor and against Defendant TSA, and respectfully requests this Court grant the following relief:

1. Declare the Defendant TSA's failure to respond to Plaintiff Demir's request violates FOIA;

2. Enjoin Defendant TSA from withholding non-exempt records responsive to Plaintiff Demir's FOIA request;

3. Enjoin Defendant TSA to conduct a statutorily adequate search for responsive records;

4. Issue a written finding that the circumstances surrounding the withholding raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Retain jurisdiction during the processing of Plaintiff Demir's request to ensure compliance with this Court's orders;

6. Award Plaintiff Demir his costs and reasonable fees incurred in this action under FOIA; and

7. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 13th day of June, 2025.

/s/ *Christina A. Jump*
Christina A. Jump
(D.C. ID No. TX151)
Samira S. Elhosary
(D.C. Bar No. 90013901)
Christina A. Boyd
(D.C. Bar No. 1672210)
Constitutional Law Center for Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
aboyd@clcma.org
*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America*